# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2022-1598
LT Case No. 2017-CF-000157-A

_____

STATE OF FLORIDA,

    Appellant,

    v.

JOHN BOUTIETTE,

    Appellee.

_____


On appeal from the Circuit Court for Citrus County.
Richard A. Howard, Judge.

Ashley Moody, Attorney General, Tallahassee, and Richard A. Pallas, Jr., Assistant Attorney General, Daytona Beach, for Appellant.

Matthew J. Metz, Public Defender, and Natalie R. Gossett, Assistant Public Defender, Daytona Beach, for Appellee.

June 28, 2024

PER CURIAM.

The State of Florida appeals the trial court's order concluding that defendant, John Boutiette, was entitled to self-defense immunity as to the four counts of Aggravated Battery with a Deadly Weapon (Counts 1–4) upon which he was convicted following a jury trial. The jury also convicted Boutiette of one count

of Possession of a Concealed Weapon by a Convicted Felon (Count 5), which is not at issue in this appeal.

The trial court initially held a pretrial hearing on Boutiette's claim of self-defense immunity, concluding that he failed to meet the evidentiary burden established by statute at the time of his arrest (i.e., a defendant must prove immunity by a preponderance of the evidence). Boutiette argued that the higher standard the Florida legislature adopted after his arrest applied retroactively (i.e., that the State must prove by clear and convincing evidence that a defendant is not entitled to self-defense immunity). The trial court rejected his argument, but this Court reversed that ruling on appeal, remanding for a new self-defense hearing. *Boutiette v. State* (*Boutiette* I), 281 So. 3d 572, 572 (Fla. 5th DCA 2019).

On remand, the trial court conducted a new evidentiary hearing and applied the new standard pursuant to section 776.032(4), Florida Statutes (2017), concluding that the State failed to demonstrate by clear and convincing evidence that Boutiette was not entitled to self-defense immunity. The State, however, noted that the Florida Supreme Court had recently issued its decision in *Boston v. State*, 326 So. 3d 673 (Fla. 2021), which held that a deficient self-defense immunity hearing that used the wrong standard can be cured by a jury verdict, which requires the highest standard of proof, beyond a reasonable doubt. The trial court, however, did not accept the State's argument that the jury's verdict on Counts 1–4 cured the erroneous standard used in the first hearing. It determined that the State failed to meet its burden under the new standard and granted Boutiette's motion. The State now appeals.

Applying the supreme court's ruling in *Boston*, we conclude that the trial court's initial failure to apply the correct standard was cured by the jury's guilty verdict, which rejected Boutiette's self-defense immunity defense as to Counts 1–4. We appreciate that the trial court was under instructions from *Boutiette I* to conduct a hearing under the newer, higher standard of proof in self-defense immunity proceedings; the language in *Boutiette I* was definitive and clear. At about the same time, however, the Florida Supreme Court issued its decision in *Boston*, which—if applicable—would take precedence over the panel decision in

*Boutiette I*. We conclude that *Boston* applies to Boutiette's case, and therefore, the trial court's initial error in applying the incorrect, lower burden of proof at the first pretrial immunity hearing was cured by the jury's conviction as to Counts 1–4.

Accordingly, we reverse the order vacating Boutiette's convictions on Counts 1–4 with instructions to reinstate the convictions for those counts and their related sentences.

REVERSED and REMANDED with instructions.

MAKAR, KILBANE, and PRATT, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____